IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| VIDA LAWSON,<br><br>    Plaintiff,<br><br>        v.<br><br>MERS,<br><br>    Defendant. | Civil Action No. 8:13-cv-01301-AW |

**MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion to Dismiss. The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **DENIES**, without prejudice, Defendant's Motion to Dismiss.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The Court takes the following facts from pro se Plaintiff Vida Lawson's Complaint and public real estate records. Courts may consider public real estate records when ruling on motions to dismiss, especially where, as here, they are referred to in the complaint and integral to it. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *Sec'y of State For Def. v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Plaintiff owns real property located at 2512 Fort Drive, Suitland, Maryland 20746 ("the Property"), where she currently resides. In September 2007, Plaintiff executed a promissory note ("Note") pursuant to which she borrowed $292,500 from Countrywide Bank, FSB ("Countrywide") to refinance the Property. *See* Doc. No. 7-3; *see also* Doc. No. 7-2 at 3. Around

1

this time, Plaintiff executed a Deed of Trust securing the Note against the Property. *See* Doc. No. 7-2. The Deed of Trust names Countrywide as the lender and Defendant MERS as a nominee for the lender. In July 2012, Defendant MERS executed an Assignment Deed of Trust, by which it purported to transfer its interest in the Deed of Trust to Bank of America, N.A. ("Bank of America"), as successor by merger to Countrywide. Doc. No. 7-4.[1]

Based on this backdrop, Plaintiff filed a Complaint to Quiet Title in the Circuit Court for Prince George's County, Maryland. Defendant removed the case on May 1, 2013. Plaintiff generally alleges that the Assignment Deed of Trust is invalid and asks the Court to quiet title. To support her assertion that the Assignment Deed of Trust is invalid, Plaintiff makes the following pertinent allegations: (1) neither MERS nor Bank of America holds the Note associated with the Assignment Deed of Trust; and (2) the Assignment Deed of Trust was separated from the Note, rendering it unenforceable. Plaintiff also seems to allege that Fannie Mae holds the Note.

On May 15, 2013, Defendant moved to dismiss. Doc. No. 7. Defendant argues that Plaintiff's allegations are insufficient to state a claim for quiet title under Maryland law. Defendant also argues that Plaintiff failed to join a required party (i.e., Bank of America) and that this failure warrants dismissal. Plaintiff has not responded to Defendant's Motion even though the time for doing so that the Clerk's Rule 12/56 letter established has expired.

## II.   STANDARD OF REVIEW

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In two recent cases, the U.S. Supreme Court has clarified the standard applicable to Rule 12(b)(6) motions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

---

[1] Defendant asserts that Plaintiff's Note is delinquent.

These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (quoting Fed. R. Civ. P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In deciding a motion to dismiss, the court should first review the complaint to determine which pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949–50. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. In so doing, the court must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. ANALYSIS

Section 14-108 of the Maryland Real Property Article provides as follows:

Any person in actual peaceable possession of property, or, if the property is vacant and unoccupied, in constructive and peaceable possession of it, either under color of title or claim of right by reason of his or his predecessor's adverse possession for the statutory period, when his title to the property is denied or disputed, or when any other person claims, of record or otherwise to own the property, or any part of it, or to hold any lien encumbrance on it, regardless of

> whether or not the hostile outstanding claim is being actively asserted, and if an action at law or proceeding in equity is not pending to enforce or test the validity of the title, lien, encumbrance, or other adverse claim, the person may maintain a suit in equity in the county where the property lies to quiet or remove any cloud from the title, or determine any adverse claim.

Md. Code Ann., Real Prop. § 14-108(a).

"The purpose of an action to quiet title is to protect the owner of legal title from being disturbed in his possession and from being harassed by suits in regard to his title by persons setting up unjust and illegal pretensions. " *Porter v. Schaffer*, 728 A.2d 755, 766 (Md. Ct. Spec. App. 1999) (citations and internal quotation marks omitted). "In pressing such a claim, the plaintiff has the burden of establishing both possession and legal title by clear proof." *Id.* (citation and internal quotation marks omitted).

"A deed of trust securing a negotiable promissory note cannot be transferred like a mortgage; rather, the corresponding note may be transferred, and carries with it the security provided by the deed of trust." *Deutsche Bank Nat'l Trust Co. v. Brock*, 63 A.3d 40, 48 (Md. 2013) (citation and internal quotation marks omitted). "Thus, once the note is transferred, the right to enforce the deed of trust follow[s]." *Id.* (alteration in original) (citation and internal quotation marks omitted).

In this case, it is premature to dismiss Plaintiff's quiet title action. Although the Assignment Deed of Trust may purport to convey the Deed of Trust and the underlying Note to Bank of America, the Assignment Deed of Trust is executed only by MERS. However, as nominee for Countrywide (i.e., the lender), it is unclear that MERS had the authority to transfer Countrywide's interest in the Note to Bank of America. Granted, the Assignment Deed of Trust

states that Bank America is the successor in interest to Countrywide via merger. However, neither Countrywide nor Bank of America is a signatory to the Assignment Deed of Trust and the Court is hesitant to take judicial notice of the fact that Bank of America assumed the Note through its apparent merger with Countrywide. For these reasons, based on the case's limited factual development, it is unclear that the Assignment Deed of Trust is valid. Therefore, the Court denies Defendant's Motion to Dismiss without prejudice.

The Court agrees that Bank of America is a required party within the meaning of Rule 19 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 19(a)(1). The Court disagrees, however, that outright dismissal is an appropriate sanction for this failure. Rule 19 also provides that "[i]f a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). Therefore, the Court will order Plaintiff to file an Amended Complaint naming Bank of America as a party to the case. The Court will also order Plaintiff to serve Bank of America.[2][3][4]

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES**, without prejudice, Defendant's Motion to Dismiss. A separate Order follows.

| June 4, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr. |
| | United States District Judge |

---

[2] Plaintiff may contact the Clerk's Office for the United States District Court for the District of Maryland, Southern Division for information regarding the requirements for proceeding in forma pauperis. The telephone number is (301) 344-0660.

[3] The Court declines to order discovery at this time considering that it denied Defendant's Motion to Dismiss without prejudice and has ordered Plaintiff to join Bank of America as a party.

[4] As noted, it is unclear whether Plaintiff has alleged that Fannie Mae holds the Note. As this allegation is unclear, the Court will refrain from ordering Plaintiff to join Fannie Mae as a party. However, nothing in this Memorandum Opinion and accompanying Order should be construed as prohibiting Plaintiff from naming Fannie Mae as a party in her Amended Complaint.